_Ardell Williams_



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 8, 1939

Hon. Charles K. Theobald
County Attorney
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. O-743
Re: Is the assessor and collector of
state and county taxes entitled
to a fee for preparing and deliver-
ing to the election boards a certi-
fied list of citizens in each pre-
cinct who are qualified to vote?

Your request for an opinion on the above stat-
ed question has been received by this office.

Article 2978, Revised Civil Statutes reads in
part as follows:

"Before the first day of April every
year, the county tax collector shall deliver
to the board that is charged with the duty
of furnishing election supplies separate
certified lists of the citizens in each pre-
cinct who have paid their poll tax or re-
ceived their certificates of exemption, the
names being arranged in alphabetical order,
and to each name its appropriate number, as
shown by the duplicates retained in his
office, with a description of the voter as
to his residence, his voting precinct,
length of his residence in the State and
county, his race, occupation and post-office
address if not in a city of more than ten
thousand inhabitants...."

Tax collectors are compelled to prepare and fur-
nish poll tax lists to election boards for distribution to

the precinct election officers. These lists constitute part of the election supplies, and the number of ballots to be furnished each voting precinct is ascertained by reference thereto. The lists are used on the day of election as a means of identifying those who appear for the purpose of voting. Poll tax lists are one of the things which cannot be dispensed with if a lawful election is to be held. They are an active and efficient aid towards securing the purity of the ballot. Complete lists must be used; that is to say, the lists should contain the names of every voter who may pay his poll tax prior to the close of January 31st of each year. The statutory provisions in this respect are held to be mandatory. Tex. Jur. Vol. 15, page 55; Fett vs. Cook, 231 SW 257; and McCharen vs. Mead, 275 SW 147.

Article 3121, Revised Civil Statutes, reads as follows:

"The county tax collector shall deliver to the chairman of the county executive committee of each political party, for its use in primary elections, at least five days before election day, certified and supplemental lists of the qualified voters of each precinct in the county, arranged alphabetically and by precincts, and such chairman shall place the same for reference in the hands of the election officers of each election precinct before the polls are opened. No primary election shall be legal, unless such list is obtained and used for reference during the election. Opposite the name of every voter on said list shall be stamped, when his vote is cast, with a rubber or wooden stamp, or written with pen and ink the words, 'primary--voted,' with the date of such primary under the same. For each list of all the qualified voters of the county who have paid their poll taxes or received their certificates of exemption, the collector shall be permitted to charge not more than five dollars, the same to be paid by the party or its chairman so ordering said lists; provided, that the charge of five dollars shall be in full for the certified lists of all the voters

of the county arranged by precincts, as herein provided."

Article 3121, supra, provides that the collector shall be permitted to charge a fee of not more than five dollars, the same to be paid by the party or his chairman so ordering such lists; provided, that the charge of five dollars shall be in full for the certified lists of all the voters of the county arranged by precincts. This article applies to primary elections.

Article 2975, supra, places on the county tax collector the duty to deliver before the 1st of April of each year such lists, but makes no provision for a fee.

Article 2996, Revised Civil Statutes, provides:

"All expenses incurred in providing voting booths, stationery, official ballots, wooden or rubber stamps, tally sheets, polling lists, instruction cards, ballot boxes, envelopes, sealing wax and all other supplies required for conducting a general or special election shall be paid for by the county, except the cost of supplying booths for cities. All accounts for supplies furnished or services rendered shall first be approved by the commissioners court, except the accounts for voting booths for cities."

This statute makes no provision authorizing the tax assessor-collector to make any charge for preparing certified lists of qualified voters as required by Article 2975.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this Department that the tax assessor-collector must deliver to the various election boards, such as the election boards of common school districts, independent school districts and municipal elections boards and all other election boards except primary election boards separate certified

lists of the citizens of each precinct who have paid their poll tax or received their certificates of exemption, and it is the further opinion of this Department that the county tax assessor-collector cannot legally charge for furnishing such lists to the election boards except the five dollar fee provided for in Article 3121, supra, which applies only to primary elections.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:AW

APPROVED:

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS